**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Daris Keith Brown,<br><br>        Petitioner,<br>vs.<br><br>Dora B. Schriro, et al.,<br><br>        Respondents. | No. CV-06-2962-PHX-PGR (JI)<br><br>ORDER |

      Having reviewed *de novo* the Report and Recommendation of Magistrate Judge Irwin in light of the petitioner's Objection to Report and Recommendation on Petition for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254 (doc. #19), the Court finds that the petitioner's objections should be overruled and that the Magistrate Judge correctly determined that the petitioner's § 2254 petition should be dismissed with prejudice as it was filed some 45 months after the expiration of the limitations period set forth in Anti-Terrorism and Effective Death Penalty Act of 1996, 28 U.S.C. § 2244(d)(1).

      First, the Court rejects the petitioner's request that the Court return this matter to the state court so that the state court can reconsider its denial of his Petition for Post-Conviction Relief by applying Danforth v. Minnesota, _ U.S. _, 128 S.Ct. 1029 (2008), to Ariz.R.Crim.P. 32.1(g). The only issue before this

1 Court is whether the petitioner timely filed his § 2254 petition in this Court, and Danforth is not applicable to that issue.

Second, the Court agrees with the Magistrate Judge that the Supreme Court's decision in Blakely v. Washington, 542 U.S. 296 (2004), does not affect the running of the AEDPA's limitations period as the conclusion of the petitioner's direct review occurred prior to Blakely. *See* Schardt v. Payne, 414 F.3d 1025, 1027 (9th Cir. 2005) ("We conclude that *Blakely* does not apply retroactively to convictions that became final prior to its publication.")[1]

Third, the Court also agrees with the Magistrate Judge that the petitioner has not established that the limitations period should be equitably tolled. Tolling is appropriate only when a petitioner establishes both that he pursued his rights diligently and that some extraordinary circumstance stood in his way. Pace v. DiGuglielmo, 544 U.S. 408, 418 (2005); he must also establish that the extraordinary circumstance was the cause of the untimeliness of his petition. Bryant v. Arizona Attorney General, 499 F.3d 1056, 1061 (9th Cir. 2007). The petitioner, at the very least, has not met his burden of showing a causal link as he has not shown that any of the circumstances he conclusorily raises, *i.e.* that he is

---

[1] As established by the Schardt decision, the trial judge's imposition of a sentence greater than the presumptive sentence based on his factfinding regarding aggravating factors did not violate clearly established federal law at the time the petitioner's sentence became final. *See* Devincentis v. Quinn, 2008 WL 399303, at *3 (9th Cir. Feb. 13, 2008) (Court, in rejecting prisoner's argument that his sentence violated Apprendi v. New Jersey, 530 U.S. 466 (2000), because his sentence was increased based on facts found by the judge rather than a jury, noted that "[w]e held [in Schardt] that prior to the Supreme Court's decision in *Blakely ...*, it was not a violation of clearly established federal law to impose a sentence greater than the standard sentencing range but within the statutory maximum based on findings made by a judge rather than a jury.")

*pro se* and untrained in the law, that he lacked access to case law and had limited time available to him to use the law library, and that his trial and PCR counsel were ineffective, actually precluded him from timely filing his § 2254 petition.  Therefore,

IT IS ORDERED that the Magistrate Judge's Report and Recommendation (doc. #16) is accepted and adopted by the Court.

IT IS FURTHER ORDERED that the petitioner's Petition for Writ of Habeas Corpus by a Person in State Custody Pursuant to 28 U.S.C. § 2254 is denied in its entirety and that this action is dismissed with prejudice.  The Clerk of the Court shall enter judgment accordingly.

DATED this 27th day of May, 2008.

Paul G. Rosenblatt
United States District Judge